## Fromhold, Jr. v. Darling

374

*Jon F. Barth,* for plaintiff.
*Martin J. Heiligman,* for defendant.

HIRSH, J., November 15, 1973.—On March 20, 1972, a jury of this court entered a verdict in favor of plaintiff and against defendant for $60,000. Thereafter, motions for judgment n.o.v. and for a new trial were denied and a judgment was entered on the basis of that verdict. Subsequently, defendant took an appeal to the Superior Court of Pennsylvania, seeking to reverse the lower court's decision. However, when defendant took that appeal, defendant, along with his insurance carrier, acting as principals, executed a bond in double the amount of the award so that the appeal would also operate as a supersedeas and would preclude plaintiff from executing on the judgment until after the resolution of the appeal: Act of May 19, 1897, P. L. 67, sec. 6, 12 PS §1138.

Now, after the Superior Court has affirmed the judgment in favor of plaintiff, the insurance carrier petitions this court to reduce the amount of the surety bond from double the amount of the recovery, or $120,000 to $25,000, claiming that the amount of the bond should be limited to the amount of the policy coverage or $25,000. Petitioning insurance carrier is particularly concerned that it will become liable under the surety bond contract for the full recovery of $60,000, even though the policy limits its liability to $25,000. Nevertheless, this court cannot agree with the petitioner and denies its petition to reduce the amount of the surety bond for the following reasons.

First, the insurance carrier was not required to execute the surety bond when its insured took his appeal to the Superior Court. Only if the appellant desired his appeal to also operate as a supersedeas was it necessary to file a surety bond for double the amount of the judgment. But even then, it was not necessary for the insurance carrier to also execute the bond as a principal. However, once the bond was of record, any errors by the insurance carrier in executing an excessive surety bond should not operate to the disadvantage of plaintiff whose execution on the judgment has been delayed by the surety bond. Furthermore, the statute, 12 PS §1138, clearly states that the appeal only operates as a supersedeas "if the appellant gives bond with sufficient surety or sureties in double the amount of said . . . judgment." This court cannot, nor will not, alter the clear language of the statute by permitting petitioner to reduce the amount of the surety bond to only $25,000, particularly since it enjoyed the benefits of the full bond during the pendency of the appeal.

Secondly, the surety relationship between defendant, his insurance carrier and the surety company is independent of the insurance contract between defendant and the insurance carrier. As the Pennsylvania Supreme Court stated in Pantazis v. Fidelity and Deposit Company of Maryland, 369 Pa. 221, 85 A.2d 421 (1952), such matters obviously affect petitioner and its surety, but they do not in the slightest degree concern the judgment creditor. After payment of the judgment, then defendant, the insurance carrier and the surety can contest the question of proportioning the judgment among themselves if necessary. But as for plaintiff, such battles are for a later date and are unrelated to plaintiff's right to proceed with execution of his judgment.

376

Accordingly, it is, therefore, ordered and decreed that the rules of August 30, 1973, and September 19, 1973, are discharged and the petition of Keystone Insurance Company to reduce the supersedeas bond required of petitioner and of defendant, as well as the obligation of National Surety Corporation, on the supersedeas bond, is denied.